PROB 12C
11/03

# UNITED STATES DISTRICT COURT
## for the
## Middle District of North Carolina



### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  DOUGLAS SCOTT PRUITT          Case Number:  1:04CR 251-1

Name of Sentencing Judicial Officer:  The Honorable James A. Beaty, Jr.

Date of Original Sentence:  March 14, 2005

Original Offense:  Possessed Firearm in Commerce After Felony Conviction in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).

Original Sentence:  41 months imprisonment, three years supervised release

February 26, 2008: Modification for Residential Reentry Center was filed.

July 24, 2008: Report of Offender Under Supervision was filed.

July 24, 2009: Modification for Electronic Monitoring was filed.

December 16, 2009: Modification for Residential Reentry Center was filed.

Type of Supervision: Supervised Release          Date Supervision Commenced: September 27, 2007
                                                 Date Supervision Expires: September 26, 2010

Assistant U.S. Attorney: Lisa B. Boggs                              Defense Attorney: Gregory Davis

---

## PETITIONING THE COURT

[X]   To issue a warrant. For compelling reasons, this petition and Warrant shall remain sealed until the Warrant is executed. The Clerk shall provide a copy of the petition and Warrant to the U.S. Probation Office and the U.S. Attorney's Office.
[ ]   To issue a summons

The probation officer believes that Mr. Pruitt has violated the following condition(s) of supervision:

| CONDITION VIOLATED | NATURE OF NONCOMPLIANCE |
|---|---|
| The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. | Mr. Pruitt tested positive for controlled substances on eight occasions. He tested positive for marijuana on eight occasions and benzodiazepines on three occasions between September 30, 2007 and December 23, 2009. |

U.S. Probation Officer Recommendation:

[X]   The term of supervision should be
      [X]   revoked.
      [ ]   extended for ___ years, for a total term of ___ years.

I declare under penalty of perjury that the forgoing is true and correct.

Executed On  1/19/10

Edward R Cameron
U.S. Probation Officer

Approved by:

Dale R. Cauble
Supervising U.S. Probation Officer

1.20.10
Date

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant. For compelling reasons, this petition and Warrant shall remain sealed until the Warrant is executed. The Clerk shall provide a copy of the petition and Warrant to the U.S. Probation Office and the U.S. Attorney's Office.
[ ]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

1/22/2010
Date

## GENERAL ADJUSTMENT UNDER SUPERVISION:

Mr. Pruitt's adjustment to supervised release is rated as poor due to his continued use of controlled substances during the course of supervision. Mr. Pruitt began supervised release living with his fiancee, Ms. April Franks at 105 Wendy Lane, Reidsville, NC. On October 5, 2007, Mr. Pruitt reported for his initial office visit. He tested positive for and admitted the use of marijuana and benzodiazepines. Mr. Pruitt also advised during this office visit that he had quit his employment with Patriot Staffing in Greensboro, NC, due to transportation difficulties. Mr. Pruitt had gained this employment while residing in Dismas Charities Residential Reentry Center (RRC) in Greensboro, NC. Mr. Pruitt was referred to Rockingham County Mental Health for outpatient substance abuse treatment.

On November 26, 2007, Mr. Pruitt met with the probation officer and tested positive for and admitted the use of marijuana. He was again given instructions to report to Rockingham County Mental Health for outpatient substance abuse treatment. On November 27, 2007, Mr. Pruitt obtained employment with Diversco, in Eden, NC. He appeared to briefly stabilize.

On January 16, 2008, Mr. Pruitt met with the probation officer and admitted that he was no longer employed with Diversco because he had quit going to work. He was counseled at length by the probation officer on job retention skills. Mr. Pruitt tested positive for and admitted the use of marijuana again on January 22, 2008. During this meeting, Mr. Pruitt also advised that he and Ms. April Franks were getting married on January 26, 2008.

On February 26, 2008, a modification was filed with the Court for a 180 day RRC placement due to his use of controlled substances and lack of employment. He reported to the Salvation Army RRC, in Winston-Salem, NC, on April 1, 2008, and initially appeared to be making a positive adjustment. However, on April 17, 2008, Mr. Pruitt submitted a urine screen which tested positive for marijuana. On April 23, 2008, the probation officer learned that Mr. Pruitt had been arrested for Possession of Marijuana Up to One-Half Ounce, and had failed to make notification. Supervising U.S. Probation Officer Dale Cauble, Melissa Burgess, Assistant Director of the Salvation Army RRC, and the probation officer met with Mr. Pruitt, on May 5, 2008, to address these violations. A Report of Offender Under Supervision was filed with the Court and Mr. Pruitt responded very well. He quickly found employment with MHC Construction Company in Winston-Salem, NC, as a laborer. On September 27, 2008, Mr. Pruitt successfully completed his RRC placement. He returned to live with his wife in Ruffin, NC, and adjusted very well.

On May 8, 2009, Mr. Pruitt reported to the probation office and tested positive for and admitted the use of marijuana. Drug testing and supervision were increased by the probation officer. On May 13, 2009, Mr. Pruitt reported that he had been terminated from his employment with MHC Construction, due to a disagreement with his supervisor. On June 18, 2009, Mr. Pruitt again tested positive for marijuana. This specimen was confirmed positive by the laboratory. On July 24, 2009, a modification was filed with the Court ordering Mr. Pruitt to participate in four months of home confinement with electronic monitoring. On September 8, 2009, Mr. Pruitt began electronic monitoring.

On October 30, 2009, Mr. Pruitt tested positive for marijuana and benzodiazepines. He provided a written admission to using marijuana and Xanax. On November 5, 2009, Mr. Pruitt was transported to Addiction Recovery Care Association (ARCA) in Winston-Salem, NC for 14 days of residential substance abuse treatment. Prior to being transported to ARCA, Mr. Pruitt signed a waiver agreeing to another RRC placement. He was also advised that any further positive drug tests would result in a petition to the Court for revocation proceedings.

On December 16, 2009, a modification was filed with the Court for a 180 day RRC placement. Unfortunately, on December 23, 2009, Mr. Pruitt provided a drug test which tested positive for marijuana and benzodiazepines. On December 31, 2009, this specimen was confirmed positive by the laboratory for both marijuana and benzodiazepines.

At present, Mr. Pruitt has not been designated for RRC placement due to his new violation. He continues to reside with his wife and stepson in rural Rockingham County. Mr. Pruitt remains unemployed. To his credit, he has always presented to the probation officer in a polite and respectful manner.

## RANGE OF IMPRISONMENT APPLICABLE UPON REVOCATION:

### Statutory Provisions:

Mr. Pruitt's original conviction was a Class C Felony. Therefore, if supervised release is revoked, he may not be required to serve more than 2 years in prison. 18 U.S.C. § 3583(e)(3).

If Mr. Pruitt is found by the Court to be in possession of a controlled substance, possession of a firearm, refusing to comply with drug testing imposed as a condition of supervised release, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, the Court shall revoke the term of supervised release and require him to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). 18 U.S.C. §3583(g).

Pursuant to the provisions of 18 U.S.C. §§ 3563(e) and 3583(d), the Court can consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs warrants an exception in accordance with the United States Sentencing Commission guidelines from the rule of Section 3565(b) and 3583(g) when considering any action against a defendant who fails a drug test.

### Policy Statements:

The probation officer believes Mr. Pruitt's most serious violation is a Grade B in that he tested positive for marijuana and benzodiazepines on multiple occasions, this represents conduct punishable by a term of imprisonment of more than one year. Mr. Pruitt's original criminal history category was Category VI. Pursuant to USSG §7B1.4(a), the range of imprisonment applicable upon revocation is 21 to 27 months. However, the statutory maximum term of imprisonment is 24 months, making the range of imprisonment 21 to 24 months.

The Chapter 7 policy statements regarding the range of imprisonment applicable upon revocation are not binding on the Court. The Court must consider the policy statements, but may deviate from them for good reason articulated on the record.

### Reimposition of Supervised Release

The maximum term of supervised release that can be reimposed following revocation is the term of supervised release originally imposed minus the imprisonment imposed upon revocation.

## FACTORS THAT MAY WARRANT DEPARTURE:

None.

## SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM:

None.

## UNSATISFIED CONDITIONS OF ORIGINAL SENTENCE:

Mr. Pruitt has an outstanding balance of 180 days community confinement condition previously imposed that has not been satisfied. Pursuant to USSG §7B1.3(d), any unserved portion may be converted to an equivalent period of imprisonment upon revocation.

**ADJUSTMENT FOR OFFICIAL DETENTION:**

None.

Respectfully submitted,

Edward R Cameron
U.S. Probation Officer

Approved by:

Dale R. Cauble
Supervising U.S. Probation Officer

1.20.10
Date

**RECOMMENDATION:**

It is recommended that Mr. Pruitt's supervised release be revoked and that he be sentenced to 24 months imprisonment, which is the statutory maximum sentence. Mr. Pruitt has been given numerous opportunities to address his violation behavior through community sanctions and treatment programs but has been unable to abstain from the use of both marijuana and benzodiazepines. Mr. Pruitt has an outstanding balance of 180 days community confinement condition previously imposed that has not been satisfied. Pursuant to USSG §7B1.3(d), any unserved portion may be converted to an equivalent period of imprisonment upon revocation.

If Mr. Pruitt receives a sentence of 24 months, he will have served the statutory maximum sentence in this case, therefore, a reimposed term of supervised release is not recommended.

**Voluntary Surrender/Detention:**

Mr. Pruitt does not appear to be a suitable candidate for voluntary surrender as he has continued to use controlled substances during his term of supervision. He is considered both a danger to the community and himself due to his use of controlled substances and the activities associated with obtaining these substances.

There are no additional conditions, nor third party custodians, known to this probation officer which would guarantee Mr. Pruitt's appearance before the Court. Mr. Pruitt is considered a danger to the community due to his continued possession and use of controlled substances.

Respectfully submitted,

Edward R Cameron
U.S. Probation Officer

Approved by:

Dale R. Cauble
Supervising U.S. Probation Officer

Date: 1.20.10

ERC/erc

cc: U.S. Attorney
    Defense Attorney
    DCUSPO, Greensboro, NC
    Douglas Scott Pruitt